UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EUGENE LYNELL CHERRY,

        Plaintiff,

v.                                                     Case No. 18-C-1602

SCOTT ECKSTEIN, et al.,

        Defendants.

## SCREENING ORDER

The plaintiff, who is currently serving a state prison sentence at the Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated as a result of the deliberate indifference displayed by correctional officers and medical personnel to his serious medical needs. This matter comes before the court on Cherry's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Cherry has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Cherry filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and was assessed an initial partial filing fee of $3.69. In response to Cherry's motion to use funds from his release account to pay the initial partial filing fee, the court waived the initial partial filing fee and gave him 21 days to notify the court if he did

not wish to proceed on his claim. As the court has not received any notice from Cherry, the court grants his motion for leave to proceed without prepaying the filing fee (ECF No. 2) and will now screen his complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Cherry asserts that he underwent surgery to repair a hernia on August 23, 2018. The doctor who performed the surgery told Cherry that he would experience pain for at least seven days and that he would prescribe pain medication to address it. Cherry alleges that at about 3:30 p.m. the next day, he informed Correctional Officer (CO) Terrell while CO Terrell was conducting his safety rounds that he was in extreme pain and needed his afternoon pain medication. CO Terrell told Cherry he would not get any medication at that time. At 4:45 p.m., during formal count, Cherry states he again told CO Terrell that he was in pain and needed his meds. CO Terrell told Cherry that Nurse Serrano passed out medication at 3:00 p.m., and had left the unit. Cherry states that at 5:30 p.m., he told Lieutenant Cole that he needed his pain medication and Lieutenant Cole told him to talk with Sergeant Shiblinski about it. Cherry alleges he did talk with Sergeant Shiblinski and asked him to call for his pain medication three times between 5:30 p.m. and 7:00 p.m., and that after the third request, Sergeant Schiblinski told him to return to his cell. Cherry alleges that Nurse Serrano intentionally did not give him pain medication when she distributed medication at 3:00 p.m., causing him to suffer "excruciating" pain until 8:45 p.m. that evening when he finally received his night pain medication.

On August 24, 2018, Cherry also submitted a complaint to Lutsey about not being given his pain medication. Cherry alleges that Lutsey ignored this complaint. He also alleges that both Lutsey and Dr. Koren ignored his additional complaints requesting pain medication to treat his post-surgery pain submitted on August 26 and 28, 2018. On August 30, 2018, Mary Alsteen allegedly answered Cherry's complaint on behalf of Dr. Koren, instructing him to use plain Tylenol that he had previously been issued for ongoing back pain to address the post-surgery pain.

On September 7, 2018, Cherry appealed his rejected inmate complaint pertaining to him not being given pain medication to Warden Eckstein on August 24, 2018. On appeal, the decision was affirmed as appropriately rejected.

Cherry also alleges that Dr. Koren intentionally give him only a 3-day prescription for pain medication for his post-surgery pain, resulting in him suffering excruciating pain once the prescription ran out.

### THE COURT'S ANALYSIS

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that he receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Id*. at 828; *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a deliberate indifference claim, an inmate must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations omitted). Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. "[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009) (citing *Guitierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997)); *see also Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (holding that a complaint alleging that a prison nurse refused to give pain medication prescribed by a physician stated a claim under the Eighth Amendment); *but see Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) ("Put simply, a

two-day delay is not enough, standing alone, to show a culpable mental state. The delay may or may not have been negligent, but it did not constitute deliberate indifference for purposes of the Due Process Clause of the Fourteenth Amendment.").

Cherry alleges that Nurse Serrano and CO Terrell intentionally denied him his post-surgery pain medication, resulting in him suffering excruciating pain. Cherry further alleges that Sergeant Shiblinski ignored his requests to contact the HSU to get his pain medication, resulting in him having to endure excruciating pain. It appears that Nurse Serrano, for some reason, failed to provide Cherry with his pain medication on her 3:00 p.m. medication round and the correctional officers refused to call her back to the unit. As a result, Cherry had to wait almost six hours to get his pain medication on August 24, 2018. Though it seems unlikely in light of *Burton* that a less-than-six-hour delay in providing pain medication could amount to cruel and unusual punishment, I conclude that the more prudent course is to allow the case to proceed for a more complete development of the record. Pain, after all, is subjective, and Cherry's allegations that the defendants made no effort to provide him his prescribed medication in the face of his complaints of "excruciating pain" are enough at this stage to state a claim. I therefor conclude that Cherry has stated a claim against Nurse Serrano, CO Terrell and Sergeant Shiblinksi. Cherry's allegations that Dr. Koren and Lutsey ignored his complaints and that Alsteen failed to direct his complaint to Dr. Koren, resulting in him having to endure excruciating pain for several days more, are also sufficient to state a claim against them.

Cherry's factual allegations against Warden Eckstein, however, are insufficient to state a deliberate indifference claim against him because they do not establish that Eckstein had any knowledge of his condition on August 24, 2018. *Washington v. LaPorte County Sheriff's Dept.*, 306 F.3d 515, 518 (7th Cir. 2002) (plaintiff "must show actual knowledge by the officials . . . of the

existence of the substantial risk and that the officials had considered the possibility that the risk could cause serious harm").

## PLAINTIFF'S ADDENDUM

Cherry filed an "Addendum to Complaint." ECF No. 9. In order to amend a complaint, "[t]he proposed amended pleadings must be filed as an attachment to the motion to amend." Civil L.R. 15(b) (E.D. Wis.). Because Cherry has failed to comply with the local rule, his addendum will not be considered. If Cherry wishes to amend his complaint, he must do so in accordance with the local rules and Federal Rule of Civil Procedure 15 by filing a motion to amend and attach his amended complaint that contains the entirety of his allegations to the motion.

## MOTION TO RECRUIT COUNSEL

Cherry has also filed a motion to recruit counsel. ECF No. 3. He maintains that he is unable to afford counsel and has been unable to recruit counsel through his own efforts. The court will deny Cherry's request to recruit counsel as premature because Defendants have not been served and have not answered the complaint. The Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). The court will give further consideration to Cherry's request for counsel as the case proceeds. But for now, the motion to recruit counsel is denied.

## CONCLUSION

The court finds that Cherry may proceed on the following claim: that Nurse Serrano, CO Terrell, Sergeant Shiblinksi, Dr. Koren, Lutsey, and Alsteen were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. As Cherry has failed to allege sufficient facts

to state a claim against Warden Eckstein, Cherry may not proceed on his claim against Warden Eckstein, and he will be dismissed as a defendant.

**IT IS THEREFORE ORDERED** that this case is referred to Magistrate Judge Nancy Joseph for all pretrial proceedings. Judge Joseph will decide all non-dispositive motions. Those orders will be final. Judge Joseph will address dispositive motions (that is, motions that seek to dismiss parties or claims, including motions for summary judgment) by issuing a Report and Recommendation. I will issue a final decision after reviewing the Report and Recommendation and any objections filed.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to recruit counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Warden Scott Eckstein is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments

from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  15th  day of November, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court